**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LAWRENCE KENNETH ALLEN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-16-2892 |
| DR. ROBUSTIANO BARRERA, *et al.* | * | |
| Defendants | * | |

***

**MEMORANDUM**

In response to the above-entitled civil rights Complaint, filed pursuant to 42 U.S.C. §1983, Defendants Robustiano Barrera,[1] M.D., Mahboob Ashraf, M.D., William Beeman, R.N., and Kimberly Martin, R.N., collectively "Medical Defendants," move to dismiss the complaint or for summary judgment (ECF 11) and Defendants Lt. Janet Puffenbarger, Sgt. Robert Werner, Sgt. Anthony Frenzel, Correctional Officer II John Beachy, Correctional Officer II Erik Shoemaker, Correctional Officer II Zachery Kifer, and Correctional Officer II Michael Van Meter, collectively "Correctional Defendants," also move to dismiss the complaint or for summary judgment (ECF 15). After each dispositive motion was filed, Plaintiff was advised of his right to file an Opposition Response and of the consequences of failing to do so. ECF 13 and 16. Plaintiff has filed nothing further in the case. No hearing is deemed necessary for the disposition of the matters pending. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, the motion filed by Medical Defendants shall be construed as a Motion to Dismiss and shall be granted. ECF 11. The motion filed by Correctional Defendants shall be construed as a

1 The Clerk shall be directed to correct the spelling of the Defendants' names on the docket.

Motion for Summary Judgment[2] and shall be granted. ECF 15. The Complaint shall be dismissed as malicious and a "strike" shall be issued pursuant to the Prison Litigation Reform Act.

**Complaint Allegations**

Plaintiff Lawrence Kenneth Allen is a prisoner committed to the custody of the Maryland Division of Correction and confined at North Branch Correctional Institution ("NBCI"). Allen asserts that on July 30, 2016, he made several requests to correctional officers for ice because he has Multiple Sclerosis (MS) and the symptoms for the disease worsen when the weather is hot. Although the Complaint is not all together clear, it appears Allen claims he argued with Dr. Ashraf, Dr. Barrera, William Beeman, R.N., Kim Martin, R.N. and "security staff" about his need for ice and that during the course of this argument he was called a racial slur. ECF 1 at p. 3. Allen alleges that Lt. Puffenbarger, Sgt. Werner, and Sgt. Frenzel came to his cell, opened the security slot, and sprayed an entire can of pepper spray on Allen. He states that he almost choked to death as a result of the pepper spray. *Id.*

Allen further claims that after the chemical agent was sprayed into his cell, Officer Kifer, Beachy, Shoemaker, and Van Meter came into his cell wearing gas masks and began kicking, stomping, and spitting on him. *Id.* Allen states that he suspects his right shoulder was dislocated. *Id.*

As relief Allen seeks injunctive relief in the form of an order requiring the medical department to provide ice twice daily and to provide immediate access to physical therapy.[3] *Id.* In addition, Allen seeks monetary damages of $250,000. *Id.*

2 Correctional Defendants' dispositive submission will be treated as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 because materials outside the original pleadings have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

**Standard of Review**

Motion to Dismiss

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[3] Allen includes the phrase "deliberate indifference" in his request for relief. ECF 1 at p. 3. The Court assumes Allen intended to assert that the failure to provide him with ice twice a day and to provide physical therapy constitutes deliberate indifference to a serious medical need in violation of his Eighth Amendment rights.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

The claims raised in the Complaint as to the Medical Defendants are, at best, speculative. Allen's MS diagnosis alone does not state an Eighth Amendment claim. He does not allege, nor does he offer any evidence to support that the Medical Defendants were informed of an objectively serious medical need which they subsequently refused to treat. There is nothing in the Complaint that even suggests that Medical Defendants have refused to otherwise treat Allen's MS, nor is there anything suggesting that providing ice is an essential element of treatment for that illness. To the extent the allegation regarding the use of a racial slur was intended to implicate any of the Medical Defendants, that alone does not state a constitutional claim. The unopposed Motion to Dismiss shall be granted.

Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Allen's claim against Correctional Defendants is that he was subjected to excessive force in violation of his Eighth Amendment rights. ECF 1 at p. 3. Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted;

the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

In their unopposed motion which is supported by declarations under oath and verified business records, Correctional Defendants assert that Allen's claim that he was subjected to chemical agents and subsequently assaulted by officers never happened. *See* ECF 15 at Ex. 1 (Declaration of Scott Beaman attesting no documentation of use of force exists); Ex. 3 (Declaration of Erik Shoemaker); Ex. 4 (Declaration of Michael Van Meter); Ex. 5 (Declaration of John Beachy). In addition, Defendants Lt. Puffenbarger, Sgt. Werner, Sgt. Frenzel, and Officer Kifer were not working at NBCI on July 30, 2016, the date of the alleged assault. *Id.* at Ex. 8. Further, there is no documentation in Allen's medical record indicating that he suffered a shoulder injury or required treatment for exposure to pepper spray. *Id.* at Ex. 7, pp. 2, 3 – 4, and 6. Correctional Defendants are, therefore, entitled to judgment in their favor.

**Conclusion**

Allen is not a novice litigant. He has filed numerous complaints in this Court in the past asserting claims similar to those raised in the instant complaint.[4] Given some of the outrageous

4 *See e.g., Allen v. McCullough, et al.*, Civil Action RWT-08-2851 (consolidated with 08cv3004, 08cv3020, 08cv3021, 08cv3022, 08cv3023, 08cv3024, 08cv3025, 08cv3026); *Allen v. Allen, et al.*, Civil Action RWT-08-3078 (dismissed as frivolous); *Allen v. Deilamea, et al.*, Civil Action RWT-09-1842; *Allen v. Flury, et al.*, Civil Action RWT-09-2709 (consolidated with 09cv2924, 09cv2933, 09cv2934, 09cv2935, 09cv2936, 09cv2937); *Allen v. Durst, et al.*, Civil Action RWT-10-1261; *Allen v. Adams, et al.*, Civil Action RWT-10-1652; *Allen v. Arnaout, et al.*, Civil Action RWT-10-1028; *Allen v. Steele, et al.*, Civil Action RWT-10-3451; *Allen v. Warden, et al.* Civil Action RWT-13-123.

claims he has asserted against both correctional and medical staff in the past which were later revealed as completely unsubstantiated, Allen was warned about false swearing and cautioned about abusive pleadings. *See Allen v. Arnaout et al.*, Civ. Action RWT-10-1028 at ECF 19 at p. 7 (unfounded allegation that medical care was denied based on Allen's race); *Allen v. Arnaout, et al.*, Civ. Action RWT-10-2192 at ECF 11 (false statement that medical provider used racial slurs when referring to Allen); *Allen v. Warden, et al.*, Civil Action RWT-13-123 at ECF 21, p. 2 (cautioning Allen that "unfounded allegations, false statements, and exaggeration amounting to false swearing will not be tolerated"). It is clear to the undersigned that those warnings went unheeded when Allen decided to file the instant Complaint. While the Court is sympathetic to Allen's illness, it does not excuse his abuse of the legal process. Given this history, the instant Complaint, which is devoid of any hint of objective evidence to support it, qualifies as malicious under the provisions of 28 U.S.C. §1915(e)(2)(B) authorizing dismissal of frivolous or malicious claims. Dismissal of a complaint as frivolous or malicious requires the case to be flagged with a "strike" under the provisions of 28 U.S.C. §1915(g).[5] The Complaint will be dismissed as malicious and the Clerk will be directed to issue a strike in a separate Order which follows. Allen is again warned that this Court will not tolerate abusive litigation.

February 16, 2017
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

[5] Under 28 U.S.C. §1915(g) a prisoner litigant will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."